## Anselme Robillard v. Alfred Beaupre.

1. DIVISION FENCES—*Selection of Windbreaks.*—Under the statute the owner of a division hedge fence has the right to retain, untrimmed, as a windbreak for his cattle, not exceeding thirty rods of such hedge, at any place on such fence where he sees fit to select it.

Transcript, from a justice of the peace. Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1896. Reversed. Opinion filed December 9, 1896.

PADDOCK & COOPER, attorneys for appellant.

H. L. RICHARDSON, attorney for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Appellee sued appellant before a justice of the peace, to recover the costs of trimming a willow hedge which formed a division fence between their respective lands. The fence had stood for some twenty-seven years, and had never been trimmed. Appellee had purchased the land adjoining that of appellant in the spring of 1895, his deed being dated March 1, 1895. On March 11, 1895, he served notice on appellant to trim the hedge, and on the latter failing to do so, appellee had the work done at a cost of $8.75, the trimming being completed by May 2, 1895. This suit was brought under the provisions of section 3, chapter 54 of the Revised Statutes, as amended in 1889. 3 Starr & Curtis, 629.

In the Circuit Court on the trial of the cause on appeal, appellee recovered a judgment for $8.75 and costs. Appellant makes two principal points as grounds of reversal, viz.: 1. That he had in any event, until June 15th of the year in which notice was served upon him, to trim the hedge, and that appellee had no right to trim it before that time and then sue appellant for the costs. 2. That under the stat-

ute he had the right to retain, untrimmed, not exceeding thirty rods of the hedge, as a windbreak for his cattle, at any place on the line fence where he saw fit to select it in his own hedge.

In the view we take of the case, it is unnecessary to express any opinion upon the first proposition, but upon the second, we think the contention of appellant must be sustained. The evidence shows that the fence, where the willows were trimmed, ran along a piece of unbroken land belonging to appellant, which he wanted for a pasture, and when the notice was served upon him to trim the hedge, he informed appellee he desired to keep that hedge as a windbreak for his cattle. We think, under the provisions of the section of the statute referred to, appellant had the right to select the ten rods of hedge in controversy as a windbreak, if he chose to do so, and he was not bound to trim it. The court properly instructed the jury on this point; but they found contrary to the instructions and we think the motion for a new trial should have been granted. There was no error in refusing the first instruction asked by appellant, for the reason there was no evidence as to the date of the delivery of the deed. Nor was there any error in refusing the third instruction.

For the error in failing to grant a new trial the judgment must be reversed, but inasmuch as there can be no recovery for the reasons above given, the cause will not be remanded.